UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR ALCORN,<br><br>                              Plaintiff,<br><br>- against -<br><br>GATEHOUSE MEDIA, LLC<br><br>                              Defendant. | Docket No. 6:18-cv-6722<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Victor Alcorn ("Alcorn" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Gatehouse Media, LLC ("Gatehouse" or "Defendant") hereby alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of a car accident, owned and registered by Alcorn, a New York based professional photographer. Accordingly, Alcorn seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

**JURISDICTION AND VENUE**

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Alcorn is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 117 Maple Street, Medford, New York 11763.

6. Upon information and belief, Gatehouse is a foreign limited liability company duly organized and existing under the laws of the Delaware, with a place of business 175 Sully's Trail, #3, Pittsford, NY 14534. Upon information and belief Gatehouse is registered with the New York Department of State Division of Corporations to do business in the State of New York. At all times material, hereto, Gatehouse has owned and operated a website at the URL: www.statesman.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. Alcorn photographed the car accident (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Alcorn is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with the United States Copyright Office and was given registration number VA 2-094-558 and titled "11_29_2015, Leith Accident, Alcorn.jpg." See Exhibit B.

**B.  Defendant's Infringing Activities**

10. On or about November 30, 2015 Gatehouse ran an article on the Website titled *Woman survives car crash, killed trying to retrieve personal items.* See URL https://www.statesman.com/news/news/national/woman-survives-car-crash-only-be-run-over-

and-kill/npYfr/?icmp=cmgcontent_internallink_relatedcontent_2014_morepopularheadlines1. The article prominently featured the Photograph. A true and correct copy of the article and a screen shot of the Photograph on the article is attached hereto as Exhibit C.

11. Gatehouse did not license the Photograph from Plaintiff for its article, nor did Gatehouse have Plaintiff's permission or consent to publish the Photograph on its Website.

## CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)
## (17 U.S.C. §§ 106, 501)

12. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13. Gatehouse infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Gatehouse is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15. Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Gatehouse be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. The Plaintiff be awarded punitive damages for copyright infringement;

5. The Plaintiff be awarded attorney's fees and costs;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
October 8, 2018

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Victor Alcorn*