UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VICTOR ALCORN,

                    Plaintiff,          Case No. 6:18-cv-06722-FPG

        - against -

GATEHOUSE MEDIA, LLC,

                    Defendant.

## ANSWER

Defendant GateHouse Media, LLC ("GateHouse" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint in the above-captioned matter filed by Plaintiff Victor Alcorn ("Alcorn" or "Plaintiff") as follows:

## NATURE OF THE ACTION

1.      To the extent paragraph 1 asserts a legal conclusion, no response is required. GateHouse admits that this action purports to assert claims for copyright infringement under Section 501 of the Copyright Act, and that the Complaint seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 1 of the Complaint and, on that basis, denies those remaining allegations.

## JURISDICTION AND VENUE

2.      To the extent paragraph 2 asserts a legal conclusion, no response is required. GateHouse admits that this action purports to assert claims pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and that this Court generally has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.    To the extent paragraph 3 asserts a legal conclusion, no response is required. GateHouse admits that it transacts business within the State of New York and that this Court has personal jurisdiction over it.

4.    To the extent paragraph 4 asserts a legal conclusion, no response is required. GateHouse admits that Venue is proper in this District.

## PARTIES

5.    GateHouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Complaint and, on that basis, denies those allegations.

6.    GateHouse admits that it is a foreign limited liability company duly organized and existing under the laws of Delaware, with a place of business at 175 Sully's Trail, #3, Pittsford, NY 14534.  GateHouse admits that it is registered with the New York Department of State Division of Corporations to do business in the State of New York.  GateHouse admits it has owned and operated a website at the URL:  www.statesman.com (the "Website").

## STATEMENT OF FACTS

**A.    Background and Plaintiff's Alleged Ownership of the Photograph**

7.    GateHouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and, on that basis, denies those allegations.

8.    GateHouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, on that basis, denies those allegations.

9.    GateHouse lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and, on that basis, denies those allegations.

2

**B.**     **Defendant's Alleged Infringing Activities**

10.     GateHouse admits that on or about November 30, 2015, it published a news article on the Website titled "Woman survives car crash, killed trying to retrieve personal items," and that Exhibit C referenced in paragraph 10 appears to be a copy of that news article and a screenshot of the accompanying photograph.  GateHouse states that the news article and Exhibit C speak for themselves, refers to those documents for their true and complete contents, and expressly denies any characterization of those documents by Plaintiff.  To the extent further response is required, GateHouse denies the allegations in paragraph 10 of the Complaint.

11.     GateHouse admits the allegations in paragraph 11 of the Complaint.

<u>**CLAIM FOR RELIEF**</u>
<u>**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**</u>
<u>**(17 U.S.C. §§ 106, 501)**</u>

12.     GateHouse repleads and incorporates herein by reference, as though fully set forth herein, each and every admission, denial, or objection made in this Answer in response to the paragraphs incorporated by reference into paragraph 12 and the 17 U.S.C. §§ 106, 501 Copyright Infringement claim against Defendant.

13.     GateHouse denies the allegations in paragraph 13 of the Complaint.

14.     To the extent paragraph 14 asserts a legal conclusion, no response is required. GateHouse denies the factual allegations in paragraph 14 of the Complaint.

15.     GateHouse denies the allegations in paragraph 15 of the Complaint.

16.     To the extent paragraph 16 asserts a legal conclusion, no response is required. GateHouse denies the factual allegations in paragraph 16 of the Complaint.

<u>**PRAYER FOR RELIEF**</u>

GateHouse denies that Plaintiff is entitled to any of the relief described in his Prayer for Relief, or to any other relief.

## DEFENSES

GateHouse incorporates by reference its foregoing responses to the paragraphs of the Complaint as if fully set forth herein.  GateHouse asserts the following affirmative and other defenses to the claims asserted in the Complaint, without assuming any burden of pleading or proof that would otherwise rest on Plaintiff.

## FIRST DEFENSE
### (Failure to State a Claim)

1.      The Complaint, and each claim for relief alleged, fails to state facts sufficient to constitute a claim for relief against defendant and fails to meet the pleading standards of the Federal Rules of Civil Procedures.

## SECOND DEFENSE
### (Laches)

2.      Plaintiff's claims are barred, in whole or in part, by laches.

## THIRD DEFENSE
### (Waiver)

3.      Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE
### (Estoppel, Consent, *Res Judicata*, Waiver)

4.      Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable estoppel, consent, *res judicata*, waiver, and collateral estoppel.

## FIFTH DEFENSE
### (Acquiescence)

5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## SIXTH DEFENSE
## (Failure to Mitigate Damages)

6.      Plaintiff's claims are barred, in whole or in part, because it failed to mitigate alleged damages.

## SEVENTH DEFENSE
## (Unclean Hands)

7.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH DEFENSE
## (Statute of Limitation)

8.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## NINTH DEFENSE
## (Fair Use)

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

## TENTH DEFENSE
## (Non-Infringement)

10.      GateHouse does not infringe and has not infringed any valid, enforceable copyright, statutory, common law, or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE
## (No Willfulness)

11.      Any infringement by GateHouse was inadvertent and not willful.

## TWELFTH DEFENSE
## (Release)

12.      Plaintiff's claims are barred, in whole or in part, to the extent he has released, settled, entered into an accord and satisfaction or otherwise compromised his claims by any means.

5

## THIRTEENTH DEFENSE

## (No Actual Damages)

13.     Plaintiff has suffered no actual damages.

## RESERVATION OF RIGHTS AND DEFENSES

GateHouse reserves the right to assert additional affirmative and other defenses as it becomes aware of them, and as discovery proceeds in this case.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for relief as follows:

1.     That Plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

2.     That the Court enter judgment that Defendant is the prevailing party in this action;

3.     That the Court award Defendant all costs, expenses, and attorneys' fees to which it is entitled under applicable law; and

4.     That the Court award any and all other relief to which Defendant may be entitled.

Dated:    December 28, 2018                    GREENBERG TRAURIG LLP

/s/ Michael J. Grygiel

Michael J. Grygiel
54 State Street, 6th Floor
Albany, New York 12207
PH:  518-689-1400
Email: grygielm@gtlaw.com

*Attorneys for Defendant*
*Gatehouse Media, LLC*

*ALB 2169605v2*

6

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial on all issues triable to a jury.